## Dudley Unemployment Compensation Case.

Argued March 13, 1961. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Elliott R. Dudley,* appellant, in propria persona, submitted a brief.

*Sydney Reuben,* Assistant Attorney General, with him *Anne X. Alpern,* Attorney General, for Unemployment Compensation Board of Review, appellee.

OPINION BY FLOOD, J., May 8, 1961:

Appellant Dudley brought this appeal from the denial of his claim for unemployment compensation for the weeks of October 18th and 25th and November 1, 1959. The Unemployment Compensation Board of Review denied his claim on the ground that the claimant failed without good cause to apply for suitable work as prescribed by the Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, Art. IV, §402(a), as amended, 43 PS §802(a).

At an interview on November 4, 1959, appellant signed a statement to the effect that he was referred to a job as a salesman, that he reported to the job but found that the person he was supposed to see was out, that he was supposed to return later in the week but he "forgot all about it. There was no other reason why [he] did not go." The claims examiner noted on the interview summary that the appellant had been out of work since March, 1958. The bureau denied Dudley's claim on the ground above stated.

In his notice of appeal from this decision Dudley stated that his daughter was ill and he forgot to return to see about the job. He said nothing about this illness in his testimony in either of the two hearings or in his appeal to this Court.

Dudley testified before the referee that when he reported to the prospective employer he was told that the person he was to see would return in an hour or so, but claimant did not wait "because it was around noontime and I wanted to go home to dinner". Claimant never returned. He thereafter indicated for the first time that the job was for wholesale selling and he had done only retail selling and that the wages were not as high as the bureau had told him they were and that he would have had to pay automobile expenses. The testimony does not indicate how he learned these things other than his having spoken to the employer a year previously. The referee denied Dudley's claim, again for failure without good cause to apply for suitable work.

On his appeal to the Board of Review Dudley based his claim on the ground that he was unqualified for the job and that the wage, after car expenses, was "not a going wage".

The board remanded the case for further testimony but still the testimony furnished no basis for the con-

clusion that the employer would require any employee to pay such expenses out of his wages.

The Board of Review found against the claimant and appeal was taken to this Court.

When we study the testimony, as we must, in the light most favorable to the party in whose favor the board has found, giving that party the benefit of reasonable inferences to be drawn from the testimony (Unemployment Compensation Law, Act of December 5, 1936, P. L. (1937) 2897, Art. V, §510, as amended, 43 PS 830; *Mettetal Unemployment Compensation Case,* 187 Pa. Superior Ct. 291, 144 A. 2d 586), we find the decision of the board fully justified. Appellant's failure to pursue the reference given him by the board after having been so long unemployed casts grave doubt on his belated assertion that the employment to which he was referred was unsuitable. The board was justified in finding a lack of good faith in this claim under the circumstances. Since there was no indication of how claimant learned that he would have to pay his own automobile expenses, it was not improper for the board to reject his contention that the wage rate was insufficient.

The order of the Board of Review is affirmed.